# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

Case. No. 2:20-cv-04057-MDH

| | |
|---|---|
| In re: | ) |
| | ) |
| **PATTY LOU TYDINGS,** | ) |
| | ) Bankruptcy Case No. 19-20889-drd-7 |
| **Debtor** | ) |
| | |
| **PATTY LOU TYDINGS,** | ) |
| | ) |
| **Appellant,** | ) |
| | ) |
| v. | ) |
| | ) |
| **JOHN C. REED, CHAPTER 7 TRUSTEE,** | ) |
| | ) |
| **Appellee.** | ) |

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN
DISTRICT OF MISSOURI

## ORDER

Before the Court is an appeal of the decision of the United States Bankruptcy Court for the Western District of Missouri in the case of *In re Patty Lou Tydings*, Case No. 19-20889-drd-7 (Mar. 27, 2020). The parties have submitted their briefs and the matter is now ripe for review. For the reasons set forth herein, the decision of the Bankruptcy Court is **AFFIRMED**.

## BACKGROUND

Patty Lou Tydings ("Debtor") filed her Chapter 7 bankruptcy petition on September 26, 2019. The Debtor's husband died in 2003, and as a result, the Debtor received surviving widow's benefits from the Social Security Administration. These social security benefits ("SS Benefits") fall within the purview of the federal social security exemption statute, 11 U.S.C. § 407(a). The SS Benefits deposits began on June 24, 2019, and were comprised of two payments of so-called

"back pay" totaling $11,190.57. They were deposited in the Debtor's only bank account at the time ("Account"). The Debtor's employer also deposited the Debtor's weekly wages into this Account. Thus, the exempt social security money and non-exempt funds were commingled in the Account between June 24, 2019 and the date of filing, September 26, 2019.

The balance in the Account prior to the deposit of the first SS Benefits was $581.27. During the three months leading up to the Debtor's bankruptcy filing, SS Benefits totaling $15,171.57 were deposited in the Account, while deposits of the Debtor's wages and other miscellaneous funds into the Account totaled $6,670.38. The combined deposits during the relevant time period totaled $21,841.95. Withdrawals from the Account during that same period totaled $13,461.07, leaving a balance of $8,939.15 on the Debtor's petition date.

The Debtor filed an amended Schedule C claiming the entire balance in the Account, $8,939.15, as exempt pursuant to 42 U.S.C. § 407. The Trustee agreed that social security benefits are exempt under § 407, and that they do not automatically lose their exempt status simply because they are commingled with non-exempt funds. However, the Trustee objected to Debtor's claim of exemption, contending that on the petition date Debtor's bank account contained some non-exempt funds, and proposed that the Bankruptcy Court only find an exemption for those funds that were reasonably traceable to the SS Benefits. Trustee proposed, and the Bankruptcy Court adopted, that the court used the first-in first-out ("FIFO") method of tracing. Under a FIFO analysis, the Debtor would retain $3,981 of SS Benefits in the Account.

## STANDARD

A district court reviews the bankruptcy court's findings of facts for clear error, and its conclusions of law are reviewed *de novo*. *Bisges v. Gargula*, 770 F.3d 719, 721 (8th Cir. 2014).

The bankruptcy court's factual findings are entitled to substantial deference. *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001).

## DISCUSSION

### Statement of the Issues

1. When a Chapter 7 Trustee objects to a bankruptcy debtor claiming an exemption of all funds in a bank account when Debtor commingled exempt funds in that account with non-exempt funds, does *In re Danduran*, 657 F.3d 749 (8th Cir. 2011) create a presumption that, pursuant to Fed. R. Bankr P. Rule 4003(c), all non-exempt funds were spent from said account prior to any exempt funds being spent?
2. Is evidence that (a) a debtor's commingling in her bank account exempt social security funds with non-exempt wages; (b) subsequent payment of expenses out of said account; and (c) proof of the absence of segregation of those funds, sufficient to satisfy the objector's burden of proof and support the Bankruptcy Court's finding that the social security exemption does not apply to the entirety of the remaining account funds?
3. Was the Bankruptcy Court's finding that the use of the FIFO accounting method to trace funds commingled by a debtor in a single bank account to their source a reasonable determination under the facts of this case?

**1. Applicability of *In re Danduran***

Debtor asks the Court to find that *In re Danduran*, 657 F.3d 749 (8th Cir. 2011) establishes a presumption that disbursements from a bank account that contains both exempt and non-exempt funds are, to the maximum extent possible, presumed to be from non-exempt funds, rather than from exempt funds. (Appellant's Brief, 10). Debtor argues that this presumption requires the Trustee's objection to be denied, and therefore erred in sustaining the Trustee's objection. *Id*. The

Trustee, however, argues that *In re Danduran* is distinguishable from the case at hand, and the Bankruptcy Court agreed. Because the question of whether or not *In re Danduran* has authority over the instant case is a question of law, it is reviewed *de novo*.

In *In re Danduran*, the debtor sold his home and certain contents of it for a total of $225,000. 657 F.3d at 752. The trial court found that $7,700 of that sale price was from the sale of personal property, whereas the rest was for the sale of the homestead. *Id*. Of the sale price, $140,860.38 was used to pay off a mortgage. *Id*. The remainder was deposited in a savings account, for which the Debtor claimed a homestead exemption for the entirety of the account balance. *Id*. The trustee objected, asserting that the remaining balance of the account was entirely the proceeds of non-exempt personal property. *Id*.

The court in *In re Danduran* noted that a claimed exemption is presumptively valid. *Id*. at 754 (citing *In re Stephens*, 425 B.R. 529, 533 (8th Cir. BAP 2010). The objecting party has the burden to prove that the exemption was not properly claimed. 657 F.3d at 754 (citing Rule 4003(c)). If the trustee meets this burden to produce evidence in support of the objection, the burden of production shifts to the debtor to show that the claimed exemption is proper. *Id*. (citing *In re Walters*, 450 B.R. 109 (8th Cir. BAP 2011). The burden of persuasion remains with the trustee. *Id*. While the court found that the burden of production was met by both parties, it held that the trustee did not meet its burden of persuasion:

> On this record, the Trustee provided *no* evidence that the proceeds of the sale of the house and personal property were ever segregated or that only the proceeds of real property (and none of the proceeds of personal property) were used to pay off the mortgage. The Trustee cannot meet his burden of proving that Danduran's savings account contained the proceeds of non-exempt personal property.

*In re Danduran*, 657 F.3d at 754.

This Court finds that *In re Danduran* does not supply a presumption in this case and, in any event, the Trustee is able to satisfy his burden of proof by way of showing that exempt social

security funds and non-exempt funds were commingled in the Account, as he does in this case. The Debtor asks the Court to find that the court in *In re Danduran* supplied a broader holding than it actually does. The Court declines to do so.

Debtor asserts that the ruling in *In re Danduran* requires the Court to find that the Trustee cannot meet his burden of proving Debtor's bank account contained non-exempt wages for the simple reason that it is impossible for the Trustee to prove that disbursement from the Account did not actually remove the entirety of the non-exempt funds. (Appellant's Brief, 14). To find such a principle would be to misconstrue and overstate *In re Danduran*. The holding of *In re Danduran* was limited to the facts at issue in that case—which are distinguishable from the facts at hand— and does nothing to purport a broader principle that would extend to the facts at issue in this case.

The facts and holdings at issue in *In re Danduran* are distinguishable from the facts in the instant case. In fact, *In re Danduran* would suggest that Debtor's argument, not the Trustee's, is factually impossible. The court in *In re Danduran* held that when exempt and non-exempt funds are commingled in a bank account and partially spent, the remaining amount in the account is presumed, without any evidence to the contrary, to no longer be *all* of the non-exempt funds or *all* of the exempt funds, as the trustee had argued in that case. The court explicitly held that the analysis was appropriate because the trustee in that case only argued that the remaining account balance contained all of the non-exempt personal property funds at issue and none had been disbursed. Here, the Trustee is arguing that the disbursements did not disburse only non-exempt funds, and thus, that remaining funds in the Account are *not all* SS Benefits, but instead that there remains some. (Appellee's Brief, 5-6). Debtor, on the other hand, is arguing that the Account balance is, in fact, *all* SS Benefits, and none have been disbursed.

Thus, the facts in this case are distinguishable from the facts in *In re Danduran*, because here the Trustee is arguing that evidence of commingling is evidence that the remaining account balance contains some non-exempt funds in addition to exempt funds. The Court finds that the issue presented in this case was not decided by *In re Danduran*. Therefore, there is no presumption that the Trustee cannot satisfy his burden of proof in this case, and (as discussed below) the Trustee is able to meet his burden of proof. The Bankruptcy Court's legal conclusion rejecting the applicability of *In re Danduran* is affirmed.

**2. Sufficiency of the Evidence**

Debtor argues that the evidence put forth by the Trustee was not sufficient to support the Bankruptcy Court's finding that Debtor's claimed exemption does not apply to the entire balance of the Account. Specifically, Debtor contends that Trustee cannot meet his burden of persuasion in this case, though much of the argument is made under the assumption that *In re Danduran* applies (which this Court held above it does not). The facts of this case were agreed and stipulated to. This was a factual finding by the Bankruptcy Court, and so it is reviewed for clear error.

As noted above, a claimed exemption is presumptively valid. *See, In re Danduran*, 657 F.3d 749. The Trustee, the objecting party, has the burden to prove that the exemption was not properly claimed. *Id*. If the Trustee meets this burden to produce evidence in support of the objection, the burden of production shifts to the debtor to show that the claimed exemption is proper. *Id*. The burden of persuasion remains with the Trustee. *Id*.

Debtor claims that all of the money in the Account on the day of the bankruptcy filing was exempt as social security under 11 U.S.C. § 407(a). Trustee presented evidence that showed that Debtor commingled her social security funds with non-exempt funds. The evidence further showed that from the date of the original social security deposits, there were at least 154 deposits into the

Account, 5 of which were social security deposits. In addition, there were hundreds of withdrawals for living expenses. Moreover, evidence showed that there was no segregation of funds and no way to identify the source of any specific money spent.

The Bankruptcy Court below found this evidence sufficient to support its finding that the social security exemption could not be properly claimed for the entire balance of the Account. This Court finds that this determination is not clearly erroneous, as evidence of commingling was significant to support a conclusion that not all of the funds in the Account were exempt. The Court affirms the Bankruptcy Court's conclusion.

### 3. Adoption of FIFO

Debtor claims that the Bankruptcy Court's use of the FIFO accounting method to trace commingled funds in the instant case was inappropriate. (Appellant's Brief, 16). Debtor does not cite any authority to support this assertion, but rather argues that the use of FIFO does not adequately protect social security benefits. Debtor claims that the Bankruptcy Court's tracing method should have been more favorable to Debtor. (Appellant's Brief, 15-16). The results of the FIFO analysis are not disputed. The Court will review the Bankruptcy Court's decision to adopt the FIFO account method *de novo*.

Courts have found that once social security benefits are received, they must be identifiable as social security to retain their exempt status. *See In re Wood*, 459 B.R. 263, 267 (Banksr. S.D. Ohio 2011); *Neilson v. McGuire*, 2006 WL 1875383, *3 (D. Neb. 2006); *In re Moore*, 214 B.R. 628 (Bankr. D. Kan. 1997); *In re Lichtenberger*, 337 B.R. 322 (Bankr. C.D. Ill. 2006). Once funds are commingled, the specific identification of the source of those funds becomes difficult, if not impossible. *General Elec. Capital Corp. v. Union Planters Bank*, 409 F.3d 1049, 1059 (8th Cir.

2005). "Equity, though, can serve as a means of attributing rights in such a commingled account by tracing the subsequent payments to particular deposits." *Id*.

The Bankruptcy Court found that courts have typically employed three equitable tracing mechanisms for determining the amount of exempt funds existing on the petition date when they have been commingled with non-exempt funds: the lowest intermediate balance test ("LIBT"); the percentage (or pro-rata) approach, and FIFO. (Memorandum Opinion, 5). The Bankruptcy Court cited *In re Marve*, 484 B.R. 735, 737-39 (Bankr. N.D. Ind. 2013); *In re Lichtenberger*, 337 B.R. at 324. A broader survey of case law further supports the Bankruptcy Court's finding. *See General Elec. Capital Corp.*, 409 F.3d at 1059 (recognizing LIBT and pro rata approaches); *In re Mississippi Valley Livestock, Inc.*, 745 F.3d 299 (7th Cir. 2014) (noting use of the pro rata method); *United States v. Prevezon Holdings, Ltd.*, 251 F. Supp. 684, 698 (S.D.N.Y. 2017) (using the FIFO method in criminal cases); *United States v. Lowrance*, 2002 WL 31987131, *3 (N.D. Okla. 2002) (recognizing all three approaches). The Bankruptcy Court noted that courts must determine on a case-by-case basis the tracing methods that is best suited to achieve a fair and equitable result on the facts before them; that courts should consider the general rule that exemptions are to be construed in favor of the debtor; and that the interests of the debtor in preserving an exemption must be balanced against the interest of the estate in recovering non-exempt funds for the benefit of creditors. (Memorandum Opinion, 5-6).

The Bankruptcy Court then considered the merits and detriments of the three most common tracing methods. In short, it found that LIBT is typically applied where a debtor commingles his own funds with funds he is holding in trust for another. (Memorandum Opinion, 6) (citing *In re Marve*, 484 B.R. at 738). The pro-rata approach requires the determination of the exempt funds to the account total when the deposit is made, and it assumes that no intermediate deposits are made

between the initial deposit of the exempt funds and the petition date. *Id*. (citing *In re Ross*, 2012 WL 3817792 (Bankr. S.D. Ind. Sept. 4, 2012)). The court noted that FIFO established the balance of the account immediately preceding the deposit of the exempt funds, and it then assumes hat the first funds deposited in a commingled account are also the first funds withdrawn from that account. *Id*. (citing *In re Marve*, 484 B.R. at 741).

The Bankruptcy Court determined that a significant number of courts have utilized FIFO as a reasonable and universally-recognized framework for tracing commingled funds. *See In re Marve*, 484 B.R. at 741; *In re Moore*, 214 B.R. at 631; *In re Christensen*, 149 P.3d 40, 51 (Nev. 2006). The Bankruptcy Court concluded that the FIFO methods makes the most sense in cases, such as the one before the Court, in which several deposits were made between the time the initial exempt funds were deposited into the commingled account and the debtor's petition date. (Memorandum Opinion, 7-8). The Bankruptcy Court thus found that FIFO was the most appropriate method to reasonably trace the SS Benefits in the Account and calculate the amount of the Debtor's exemption. *Id*. at 8.

Considering that the Bankruptcy Court's adoption of the FIFO method was the result of a reasoned and well-supported analysis of various tracing methods, and explicitly took into account which method best suited the facts of the instant case, the Court finds that the Bankruptcy Court did not err in selecting the FIFO method, and thus this decision is affirmed.

## CONCLUSION

For the reasons set forth herein, the Court **AFFIRM** the below Bankruptcy Court's decision, sustaining the Trustee's objections to the Debtor's claimed exemption.

**IT IS SO ORDERED.**

Dated: September 3, 2020   　　　　　　　　　　　　　　 */s/ Douglas Harpool*
　　　　　　　　　　　　　　　　　　　　　　　　　　　 **DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　 **United States District Judge**